IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cr-04091-SRB-01 |
| ) | |
| CRAIG ANTHONY FAUST, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Craig Anthony Faust's ("Defendant") *pro se* Motion for Compassionate Release/Reduction of Sentence. (Doc. #109.) For the reasons stated below, the motion is DENIED.

In 2021, Defendant pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. This Court sentenced Defendant to a 132-month term of imprisonment, followed by a five-year term of supervised release. According to the Bureau of Prisons ("BOP"), Defendant's projected release date is September 1, 2029.[1]

On November 8, 2023, Defendant filed a *pro se* motion requesting compassionate release pursuant to § 3582(c)(2). Defendant primarily argues that a sentence reduction is appropriate because he "qualifies for the two-point offense level reduction for first time offenders, which has just been made retroactive by the United States Sentencing Commission" (i.e., Amendment 821) (Doc. #109, p. 6.) Defendant also notes he "is a middle-age non-violent first time offender, has

---
[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

served 26 months of his 132 month sentence, of which 24 months were under severe conditions caused by the Covid-19 pandemic, and is serving a harsher and longer sentence comparing to other similarly situated defendants." (Doc. #109, p. 6.) The Government opposes the motion argues that "application of Amendment 821 . . . would not change his guidelines range, and he is ineligible for a reduction in sentence." (Doc. #119, p. 6.) The parties' arguments are addressed below.

In its briefing, the government provides helpful background on Amendment 821: "In 2023, the Sentencing Commission added a new Section 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level for offenders who received zero criminal history points and meet other criteria." (Doc. #119, p. 6.)

The government contends

> Defendant is not eligible for relief under the new Section 4C1.1 because he received a criminal history point. (See PSR ¶¶ 48). Furthermore, the "zero-point" reduction does not apply to defendants who, like Faust, possessed a firearm in the course of their criminal conduct. See USSG § 4C1.1(7). Application of Amendment 821, therefore, would not change his guidelines range, and he is ineligible for a reduction in sentence. USSG § 1B1.10(a)(2)(B).

(Doc. #119, pp. 6.)

For the reasons stated by the government, the Court finds that Defendant is ineligible for a sentence reduction under Amendment 821.

Further, the Court finds no extraordinary or compelling reasons to reduce Defendant's sentence. First, while Defendant cites prison conditions resulting from the Covid-19 pandemic as a basis for compassionate release, "[Defendant] did not allege or show that he is particularly susceptible to contracting COVID-19 while incarcerated or to experiencing complications from the disease." *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). Second, contrary to Defendant's argument that he is serving a "longer sentence than other defendants

who were convicted of crimes with mixture meth[,]" the Court agrees with the government that "[Defendant] received a sentence that was a significant downward variance from the Guidelines range" and therefore, "[t]here is nothing 'extraordinary or compelling' about a below-guidelines sentence that already took into account all of the circumstances he now cites." (Doc. #109, p. 10; Doc. #119, p. 5.) Third, while the Court commends Defendant's rehabilitation through coursework and training programs while incarcerated, "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). Therefore, the Court finds no extraordinary and compelling reasons to reduce Defendant's sentence.

Finally, Defendant fails to demonstrate that the 18 U.S.C. § 3553(a) factors support a sentence reduction. Given the nature and circumstances of his offense, the need to reflect the seriousness of the offense, and his history of criminal activity, the Court finds Defendant has not satisfied the requirements for a compassionate release.

Accordingly, it is ORDERED that Defendant's *pro se* Motion for Reduction of Sentence. (Doc. #109) is DENIED. The Clerk shall mail a copy of this Order to Defendant at his last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2024